## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RALPH LIGHTFOOT and MYRNA LIGHTFOOT, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Case No. CIV-24-00604-PRW |
| SAFECO INSURANCE COMPANY OF AMERICA, et al., | ) ) ) ) |
| Defendants. | ) |

## *ORDER*

Before the Court is the Motion to Dismiss (Dkt. 5), filed by Defendants Liberty Mutual Insurance Company and Safeco Insurance Company of America; the Response (Dkt. 6), filed by Plaintiffs Ralph and Myrna Lightfoot; and Liberty Mutual and Safeco's Reply (Dkt. 7). For the reasons discussed below, the Court **GRANTS IN PART** and **DENIES IN PART** the Motion (Dkt. 5).

### *Background*

This is an insurance contract dispute. The Lightfoots had a homeowner's insurance policy with Defendant American Economy Insurance Company.[1] The Lightfoots allege that a hailstorm damaged their home. They submitted a claim, but according to them, Defendants failed to properly investigate the damage to their home and did not pay the amounts necessary to repair and replace the covered damage to their home. Consequently,

---

[1] Policy No. OY8404019 (Dkt. 5-1).

1

on April 26, 2024, the Lightfoots sued Defendants for breach of contract and breach of the covenant of good faith and fair dealing in the District Court of Oklahoma County. (Dkt. 1-2). On June 11, 2024, Defendants removed the case to this Court. (Dkt. 1). Liberty Mutual and Safeco now seek dismissal of the claims against them.

## *Legal Standard*

In reviewing a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the Court must satisfy itself that the pleaded facts state a claim that is plausible.[2] All well-pleaded allegations in the complaint must be accepted as true and viewed "in the light most favorable to the plaintiff."[3] Additionally, the Court must "draw all reasonable inferences in favor of the non-moving party[.]"[4] While factual allegations are taken as true, a court need not accept mere legal conclusions.[5] "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are not enough to state a claim.[6] Additionally, courts may "review documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity."[7]

---

[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).

[3] *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (citation and internal quotation marks omitted).

[4] *Doe v. Woodard*, 912 F.3d 1278, 1285 (10th Cir. 2019) (citation omitted).

[5] *Khalik v. United Air Lines*, 671 F.3d 1188, 1190–91 (10th Cir. 2012).

[6] *Id.* (internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 555).

[7] *Toone v. Wells Fargo Bank, N.A.*, 716 F.3d 516, 521 (10th Cir. 2013).

*Analysis*

Liberty Mutual and Safeco argue that they should be dismissed because they are not parties to the relevant insurance policy.[8] The Lightfoots disagree. But before it can decide who is right, the Court must determine what law applies. Federal courts sitting in diversity "must apply the substantive law of the state in which it sits, including the forum state's choice-of-law rules."[9] Here, the forum state is Oklahoma, and its law governs the questions presented by this motion.

**I.     Because Liberty Mutual and Safeco are not parties to the policy, the Lightfoots' breach of contract claim against them fails.**

Liberty Mutual and Safeco first argue that the policy at issue only identifies American Economy as the issuer. In Oklahoma, "[i]nsurance policies are 'contracts interpreted as a matter of law.'"[10] To prevail on a breach of contract claim, a party must prove "(1) formation of a contract; (2) breach of the contract; and (3) damages as a result of that breach."[11]

---

[8] Liberty Mutual and Safeco also argue that the Lightfoots did not allege facts sufficient to pierce the corporate veil. The Lightfoots concede that they do not base their allegations on alter ego or veil piercing grounds. Resp. (Dkt. 6), at 1 & n.1, 13. The Court therefore need not address this argument.

[9] *Boyd Rosene & Assocs., Inc. v. Kansas Mun. Gas Agency*, 123 F.3d 1351, 1352–53 (10th Cir. 1997).

[10] *Curtis v. Progressive N. Ins. Co.*, No. CIV-17-01076-PRW, 2022 WL 109003, at *5 (W.D. Okla. Jan. 11, 2022) (quoting *BP Am., Inc. v. State Auto Property & Cas. Ins. Co.*, 148 P.3d 832, 835 (Okla. 2005)) (further citation omitted).

[11] *Morgan v. State Farm Mut. Auto. Ins. Co.*, 488 P.3d 743, 748 (Okla. 2021).

In support, Liberty Mutual and Safeco attached the policy to their Motion. Because the policy is central to the Lightfoots' claim and they do not dispute its authenticity, the Court may consider the policy itself.[12] "[U]nder Oklahoma law, an insured cannot state a claim for breach of contract against an entity with whom the insured is not in privity of contract."[13] American Economy is the sole issuer identified in the policy. In the "Policy Definitions" section of the policy, "we," "us," and "our" is defined as "the underwriting company providing this insurance as shown in [the] Policy Declarations."[14] The underwriting company identified in the "Policy Declarations" section is American Economy.[15] Throughout the policy, the words "we," "us," and "our" are used to indicate the contractual promises made by the underwriting company to the insured.[16] The policy contains no provisions binding Liberty Mutual or Safeco.

In Response, the Lightfoots predominately argue that the facts in their Petition, taken as true, plausibly allege that Liberty Mutual and Safeco are parties to the policy. But "factual allegations that contradict a properly considered document are not well-pleaded

---

[12] *Toone*, 716 F.3d at 521.

[13] *Krohmer Marina, LLC v. Certain Underwriters at Lloyd's, London*, 655 F. Supp. 3d 1124, 1130 (E.D. Okla. 2023) (collecting cases).

[14] Policy, (Dkt. 5-1), at 22.

[15] *Id*. at 12–14.

[16] *See, e.g.*, *id.* at 25 (listing building property and property losses that "we" cover); *Id.* at 28 (listing personal property that "we" cover); *Id.* at 30 ("We do not cover loss caused directly or indirectly by any of the Building Property Losses We Do Not Cover.") (emphasis omitted); *Id.* at 34 ("We will pay the amount shown in your Policy Declarations to an eligible person for information leading to the arrest and conviction of the person(s) committing a crime resulting in loss to covered property . . . .").

facts that the court must accept as true."[17] Accordingly, the Court need not defer to Lightfoots' allegations.[18]

The Lightfoots next contend that various references to Liberty Mutual and Safeco throughout the policy somehow bind them to the terms therein. For example, the Lightfoots cite to (1) the policy's title ("Safeco Premier Homeowners Policy");[19] (2) the logo used throughout the policy ("Safeco Insurance – A Liberty Mutual Company");[20] (3) a letter signed by the president of Safeco, thanking the Lightfoots for renewing the policy;[21] (4) references to American Economy as "A Safeco Company";[22] (5) references to "www.safeco.com" for policy service information, online account services, and information on Safeco's "website specific privacy and security practices";[23] (6) a disclosure regarding Safeco's use of the Lightfoot's personal information;[24] and (7) a provision declaring that Safeco "consider[ed] many factors" to determine the Lightfoots' premium and informing the Lightfoots that they can request that Safeco re-evaluate their policy.[25]

---

[17] *Peterson v. Martinez*, 707 F.3d 1197, 1206 (10th Cir. 2013) (citation omitted); *see also Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 942 (10th Cir. 2002) (in a copyright infringement case, "the legal effect of the [published] works are determined by the works themselves rather than by allegations in the complaint").

[18] *See Krohmer Marina*, 655 F. Supp. 3d at 1130 (footnote omitted).

[19] Policy (Dkt. 5-1), at 14, 20.

[20] *See, e.g.*, *id.* at 3, 9, 12, 20.

[21] *Id.* at 3–4.

[22] *Id.* at 3, 12–14

[23] *Id.* at 3, 9, 12.

[24] *Id.* at 9.

[25] *Id.* at 11.

The Lightfoots argue that these references prove Liberty Mutual and Safeco's "involvement" in the policy.[26] But such "involvement" is insufficient to create a binding contractual relationship between the Lightfoots and Liberty Mutual or Safeco. Under the plain terms of the policy, the Lightfoots and American Economy are the sole parties to the agreement. Accordingly, there are no well-pleaded facts establishing that an insurance contract ever formed between the Lightfoots and Safeco or Liberty Mutual. Thus, the Lightfoots have not stated a breach of contract claim against Liberty Mutual or Safeco.

## II.   The Lightfoots stated a bad faith claim against Liberty Mutual and Safeco.

Safeco and Liberty Mutual argue that because they are not parties to the policy agreement, the Lightfoots also did not state a claim against them for breach of contract and the covenant of good faith and fair dealing. "Every contract in Oklahoma contains an implied duty of good faith and fair dealing."[27] Generally, an insured cannot "state a claim against an entity for bad faith when that entity is not a party to the insurance contract."[28] The Oklahoma Supreme Court, however, has recognized a "special relationship" exception to this general rule.[29]

If "a non-party to the insurance contract . . . engages in activities or conduct such that it may be found to be acting sufficiently like an insurer so that a special relationship can be said to exist between the entity and the insured," then "the same duty of good faith

---

[26] Mot. (Dkt. 6), at 7.

[27] *Wathor v. Mut. Assur. Adm'rs, Inc.*, 87 P.3d 559, 561 (Okla. 2004) (citation omitted).

[28] *Krohmer Marina*, 655 F. Supp. 3d at 1130 (collecting cases).

[29] *Badillo v. Mid Century Insurance Co.*, 121 P.3d 1080, 1101 (Okla. 2005).

and fair dealing as that imposed on the actual insurer issuing the insurance policy" is imposed on that non-party.[30] Such a relationship "essentially giv[es] the third party the power, motive, and opportunity to act unscrupulously."[31] In determining whether this special relationship exists, courts consider whether the insurer and the non-party is affiliated, whether they "acted as one entity in regard to [the] insured's policy . . . [and] claim,"[32] and whether the non-party "performs many of the [insurer's] tasks, has a compensation package that is contingent on the approval or denial of claims, and bears some of the financial risk of loss for the claims[.]"[33]

The Lightfoots have alleged facts sufficient to show that a special relationship exists between themselves and Liberty Mutual and Safeco. The allegations, if true, support the notion that Liberty Mutual and Safeco (1) "share in the premium and risk on this insurance"; (2) decide what entity "will actually issue the insurance policy to the insured"; (3) "train and employ the underwriters and adjusters for insurance claims made under policies issued by . . . American Economy"; and (4) made the "decision to deny [the Lightfoots'] claim."[34] Additionally, as discussed above, the policy is replete with references to Liberty Mutual and Safeco. Although such references do not contractually bind Liberty Mutual and Safeco, they do, taken with the Petition's other allegations,

---

[30] *Id.*

[31] *Trinity Baptist Church v. Bhd. Mut. Ins. Servs., LLC*, 341 P.3d 75, 81 (Okla. 2014).

[32] *Badillo*, 121 P.3d at 1101.

[33] *Wathor*, 87 P.3d, at 563.

[34] Pet. (Dkt. 1-2), at 1–2.

plausibly show that Liberty Mutual and Safeco were sufficiently entangled with the Lightfoots to create a special relationship, subjecting them to the duty of good faith and fair dealing.

### III.   Leave to amend would be futile.

Finally, in their Response, the Lightfoots request leave to amend their Petition. But the Local Civil Rules (1) prohibit parties from including a motion in their response brief; and (2) require parties seeking leave to amend to "attach the proposed pleading as an exhibit to the motion."[35] Such "drive-by requests to amend the complaint" are insufficient to warrant leave.[36] Moreover, any amendment will not change the plain terms of the policy, which show that neither Safeco nor Liberty Mutual are parties to the agreement. Amendment would therefore be futile.

### *Conclusion*

Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** the Motion (Dkt. 5). The Court **GRANTS** the Motion as to the Lightfoots' breach of contract claim against Safeco and Liberty Mutual and **DISMISSES** it. And the Court **DENIES** the Motion as to the Lightfoots' claim for breach of the covenant of good faith and fair dealing against Safeco and Liberty Mutual.

**IT IS SO ORDERED** this 3rd day of March 2025.

---

[35] LCvR 7.1(c); 15.1.

[36] *Johnson v. Spencer*, 950 F.3d 680, 721 (10th Cir. 2020) (citation omitted).

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE